UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTIAN PROVOST | CIVIL ACTION |
| VERSUS | NO. 24-1735 |
| CHERAMIE MARINE, LLC | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Cheramie Marine, LLC's ("Cheramie Marine") opposed[1] motion for partial summary judgment.[2] For the following reasons, the Court grants the motion.

### I. BACKGROUND

This case arises from injuries that plaintiff Christian Provost allegedly suffered while working for defendant Cheramie Marine. In November 2023, Provost applied for a job as a deckhand aboard the M/V MARIE CHERAMIE.[3] As part of the required pre-employment physical, Provost filled out a medical questionnaire and marked that he did not have, nor previously had, various medical conditions including "depression," a "history of suicide attempts," "anxiety," "other psychiatric disease," or "any

---

[1]    R. Doc. 11.
[2]    R. Doc. 8.
[3]    R. Doc. 18-15 ¶ 15.

hospitalization."[4] But in fact, Provost had an extensive history of depression, anxiety, concussions, bipolar disorder, and suicidality, including a suicide attempt that resulted in his psychiatric hospitalization.[5]

On January 26, 2024, Provost allegedly crushed his right hand in an accident while disentangling chains between two ship fenders.[6] Provost asserts that this accident caused him further physical injuries to his neck, back, shoulder, and knee, as well as psychological injuries including post-traumatic stress disorder ("PTSD"), depression, anxiety, and complex regional pain syndrome.[7] On July 11, 2024, Provost sued Cheramie Marine under the Jones Act and general maritime law, asserting claims of negligence, unseaworthiness, and maintenance and cure.[8]

Cheramie Marine now moves for partial summary judgment and seeks dismissal of Provost's claim for maintenance and cure as it relates to his alleged psychological injuries under *McCorpen v. Central Gulf Corp.*, 396 F.2d 547 (5th Cir. 1968).[9] Provost opposes the motion.[10] The Court considers the parties' arguments below.

---

[4]   R. Doc. 8-15 ¶¶ 17-19.
[5]   *Id.* ¶¶ 1-11, 13-14.
[6]   R. Doc. 1 ¶ 4.
[7]   *Id.* ¶ 8.
[8]   *See id.*
[9]   *See* R. Doc. 8.
[10]  *See* R. Doc. 11.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by

'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

### III. DISCUSSION

Seamen have a right to maintenance and cure for injuries that they suffer in the course of their service on a vessel, regardless of whether the

4

shipowner was at fault or the vessel was unseaworthy. *See O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 41-43 (1943). "Maintenance" is the right of a seaman to food and lodging if he becomes injured during the course of fulfilling his duties to the ship. *See Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 413 (2009). "Cure" is the right to necessary medical services. *Id.* Before a plaintiff can recover maintenance and cure, he bears the burden of proving the following facts: (1) he was working as a seaman, (2) he became ill or was injured while in the vessel's service, and (3) he lost wages or incurred expenses stemming from treatment or injury. Thomas J. Schoenbaum, 1 *Admiralty & Mar. Law*, § 6:28 (6th ed.).

Maintenance and cure may be awarded "even where the seaman has suffered from an illness pre-existing his employment." *McCorpen*, 396 F.2d at 548. But as a "general principle," the benefits "will be denied where he knowingly or fraudulently conceals his illness from the shipowner." *Id.*; *see also Bodden v. Prof'l Divers of New Orleans Inc.*, No. 01-795, 2001 WL 1223589, at *2 (E.D. La. Oct. 12, 2001) (discussing the *McCorpen* defense). Specifically, if the shipowner requires a prospective seaman to undergo a pre-hiring medical evaluation, and the seaman either intentionally misrepresents or conceals material medical facts, then the seaman is not entitled to an award of maintenance and cure. *See McCorpen*, 396 F.2d at

549. For a shipowner to establish the *McCorpen* defense to deny a seaman's maintenance and cure claim, the employer must show that: (1) the seaman intentionally misrepresented or concealed medical facts, (2) the misrepresented or concealed facts were material to the employer's hiring decision, and (3) there exists a causal link between the pre-existing disability that was concealed and the disability suffered during the voyage. *Id.*; *see also Brown v. Parker Offshore Drilling*, 410 F.3d 166, 11 (5th Cir. 2005) (finding the *McCorpen* defense established).

Plaintiff does not contest that he intentionally concealed his pre-existing psychological conditions and admits that he had a history of suicidality, depression, anxiety, and psychiatric hospitalization, which he failed to disclose on his pre-employment questionnaire.[11] *See Meche v. Doucet*, 777 F.3d 237, 248 (5th Cir. 2015) (holding that because plaintiff "'knew that the information on the application was not correct,' [he] intentionally concealed his prior injuries as a matter of law" (quoting *Caulfield v. Kathryn Rae Towing*, No. 88-5329, 1989 WL 121586, at *2 (E.D. La. June 6, 1989)). Plaintiff also does not contest that these concealed

---

[11]   R. Doc. 8-15 ¶¶ 1-11 (describing plaintiff's history of mental illness), ¶¶ 15-19 (describing plaintiff's misrepresentation of history of mental illness during pre-employment physical); *see* R. Doc. 11-8 ¶¶ 1-11, 13-19 (admitting to defendant's statements of uncontested material facts).

6

conditions were material to defendant's decision to hire him and admits that Cheramie Marine would not have cleared him for duty if he had disclosed his history of anxiety and depression, nor hired him if he had disclosed his prior suicide attempt.[12] *See Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006) (per curiam) (holding that seaman's nondisclosure of medical history is material when disclosure "would have either prevented his employment, or at least delayed it"). The Court therefore finds that defendant has established that it is entitled to summary judgment on the first two prongs of the *McCorpen* test.

The only remaining question for the Court is whether defendant has shown a "causal link between the pre-existing disability that was concealed, and the disability incurred during the voyage." *Brown*, 410 F.3d at 176 (citation omitted). The Fifth Circuit finds a causal link when the injuries at issue involve the same body part. *See id*. In *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166 (5th Cir. 2005), the Fifth Circuit found there to be a sufficient causal link when the plaintiff's "prior back strains were to the same lumbar-spine region as his current back problem." *Id*. at 176. In doing

---

12   R. Doc. 8-15 ¶¶ 20-24 (describing how personnel manager and nurse practitioner would not have hired plaintiff if history of mental illness was known); *see* R. Doc. 11-8 ¶¶ 20-24 (admitting to defendant's statements of uncontested material facts).

7

so, the Fifth Circuit held that that the defendant "need not prove that the prior injuries are the sole cause[]" of plaintiff's current condition. *Id.*; *see also Jauch*, 470 F.3d at 212-13 (finding requisite connection when new back injury was "virtually identical" to previous back injury). Following *Brown*, courts in the Fifth Circuit will therefore find that "the new injury is related to the old injury, irrespective of their root causes," when "the old injury and the new injury affected the same body part." *Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 728-29 (E.D. La. 2009) (surveying the application of the causality requirement in the Fifth Circuit); *see also Boatright v. Raymond Dugat Co., L.C.*, 2009 WL 138464, at *4 (S.D. Tex. 2009) (finding requisite connection when plaintiff's "prior and current injuries [were] both to his right hip"); *Bergeron v. B & J Martin, Inc.*, 2005 WL 3542898, at *4 (E.D. La. 2005) (finding requisite connection when plaintiff experienced the "same breathing difficulties" before employment and aboard the vessel).

Defendant contends that this 'same body part' test applies equally to psychological conditions and physical injuries, and therefore that plaintiff's psychiatric history should preclude maintenance and cure for any psychological injuries he allegedly incurred while working.[13] Plaintiff's brief concedes the clear causal link between his pre-existing anxiety and

---

[13]  R. Doc. 8-1 at 17-18.

8

depression and the anxiety and depression that he alleges to have sustained in the accident, precluding his claims for maintenance and cure for these conditions.[14] Therefore, defendant is entitled to the *McCorpen* defense for plaintiff's maintenance and cure claims for anxiety and depression. But plaintiff argues that the other psychological ailments he allegedly incurred in the accident are distinct from and unrelated to his pre-existing psychological conditions.[15] Specifically, he identifies several diagnoses for which he claims to be entitled to maintenance and cure, including complex regional pain syndrome ("CRPS"), neurogenic thoracic outlet syndrome ("TOS") of his right brachial plexus, and PTSD.[16] Defendant acknowledges that CRPS and TOS are physical pain conditions, and they are not the subject of its motion for partial summary judgment.[17] Therefore, the Court must consider only whether there is a causal link between plaintiff's pre-existing anxiety and depression and the PTSD that he allegedly suffered in the accident.

Few courts have considered *McCorpen* in the context of mental illness. In *Kaminaga v. Bisso Marine*, No. 13-616, 2013 WL 6858701 (E.D. La. Dec.

---

<sup>14</sup> R. Doc. 11 at 14 (arguing only that the *McCorpen* defense "does not preclude his psychological treatment" for conditions that are "independent and different diagnoses from depression and anxiety" and "hav[e] no relation to depression and anxiety").
<sup>15</sup> R. Doc. 11 at 14-15.
<sup>16</sup> *Id.* at 9-13.
<sup>17</sup> R. Doc. 12-1 at 1.

9

30, 2013), this Court found a sufficient "causal link" to grant defendant's unopposed motion for summary judgment when evidence established that the "PTSD [plaintiff] incurred after [an] explosion" was "related to his pre-existing PTSD." *Id.* at *1-2. And in *Collins v. Cenac Marine Services, LLC*, No. 16-1662, 2017 WL 5625873 (E.D. La. Nov. 22, 2017) (Africk, J.), a different section of the Eastern District of Louisiana held that plaintiff could not "recover maintenance and cure for mental health conditions preexisting [his] employment" when "both parties agree[d]" that plaintiff's "various pre-existing injuries to his mind and/or psyche affect the same area of his body that he claims he injured/re-aggravated while working" for defendant. *Id.* at *5.

This Court is uneasy about applying the "same body part" test to disqualify any two conditions that fall under the rubric of psychiatric conditions. The Diagnostic and Statistical Manual of Mental Disorders ("DSM-5-TR") identifies a broad range of well over 250 psychiatric disorders ranging from eating disorders to schizophrenia to agoraphobia and narcolepsy.[18] This diversity suggests that facile application of the same body

---

[18] American Psychiatric Association (2022); *see also* Alina Suris, et al., *The Evolution of the Classification of Psychiatric Disorders*, 6 Behavioral Sci. 5, 12 (2016) (describing the historical evolution of psychiatric diagnostic categories and criteria in DSM editions).

part test in the context of psychological conditions could result in the linkage of conditions that have no rational connection. But nevertheless, because there is sufficient evidence here to demonstrate a relationship between plaintiff's history of anxiety and depression and his alleged PTSD, the Court need not determine whether the "same body part" test forecloses maintenance and cure for all psychological injuries when a plaintiff fails to disclose pre-existing psychological conditions. The testimony of plaintiff's own experts demonstrates the substantial likelihood that his undisclosed and asserted psychological conditions are interrelated.

Dr. John Thompson, plaintiff's expert psychiatrist, describes the plaintiff experiencing "fear," "anxiety," "intrusive thoughts," and "distressing recollections," which form the basis of his PTSD diagnosis.[19] But Dr. Thompson opines that plaintiff's "preexisting psychiatric issues including a brief hospitalization after a breakup as well as physical and sexual abuse as a child . . . coupled with plaintiff's accident . . . likely results in his present functioning."[20] *See, e.g.*, *Meche*, 777 F.3d at 249 (finding that a "connection exists between the withheld information and the injury complained of in the lawsuit" when defendant "aggravated his pre-existing lumbar illness" while

---

[19]    R. Doc. 8-3 at 3-7.
[20]    *Id.* at 8.

11

lifting a hatch cover on board); *Luwisch v. Am. Marine Corp.*, No. 17-3241, 2019 WL 1435932, at *7-10 (E.D. La. March 31, 2019) (holding that defendant was "entitled to the *McCorpen* defense and [was] relieved of its duty to provide maintenance and cure" for accident that "exacerbated Plaintiff's [undisclosed] pre-existing" condition), *aff'd*, 956 F.3d 320 (5th Cir. 2020). Likewise, Dr. John Macgregor, plaintiff's other expert psychiatrist, opined that plaintiff's PTSD, panic disorder, and major depressive disorder "were interrelated."[21] There is no genuine dispute of material fact that defendant's incurred psychological injuries related to the pre-existing psychiatric conditions that he failed to disclose. Therefore, the Court finds that defendant satisfies its burden as to the third prong of the *McCorpen* test. Defendant is entitled to summary judgment for plaintiff's claim to maintenance and cure for anxiety, depression, and PTSD.

---

[21]  R. Doc. 11-5 at 5.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for partial summary judgment and DISMISSES plaintiff's claims for maintenance and cure for anxiety, depression, and PTSD WITH PREJUDICE.

New Orleans, Louisiana, this __2nd__ day of January, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE