UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTIAN PROVOST | CIVIL ACTION |
| VERSUS | NO. 24-1735 |
| CHERAMIE MARINE, LLC | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Cheramie Marine, LLC's ("Cheramie Marine") unopposed[1] motion for partial summary judgment.[2] For the following reasons, the Court grants the motion.

### I. BACKGROUND

This case arises from injuries that plaintiff Christian Provost allegedly suffered while working for defendant Cheramie Marine. In November 2023, Provost applied for a job as a deckhand aboard the M/V MARIE CHERAMIE.[3] As part of the required pre-employment physical, Provost filled out a medical questionnaire in which he indicated that he did not have, nor previously had, various medical conditions including "injured back/back

---

[1] R. Doc. 17.
[2] R. Doc. 24.
[3] R. Doc. 8-15 ¶ 15.

pain," "injured neck/neck pain," "injured hip," and "injured leg."[4] But in fact, Provost had an extensive history of back, neck, and lower extremity injuries and pain.[5]

On January 26, 2024, Provost allegedly crushed his right hand in an accident while disentangling chains between two ship fenders.[6] Provost asserts that this accident caused him further physical injuries to his neck, back, shoulder, and knee, as well as psychological injuries including post-traumatic stress disorder ("PTSD"), depression, anxiety, and complex regional pain syndrome.[7] On July 11, 2024, Provost sued Cheramie Marine under the Jones Act and general maritime law, asserting claims for negligence, unseaworthiness, and maintenance and cure.[8] On January 2, 2025, the Court dismissed Provost's claim for maintenance and cure as it relates to his alleged psychological injuries under *McCorpen v. Central Gulf Corp.*, 396 F.2d 547 (5th Cir. 1968).[9]

Cheramie Marine now moves for partial summary judgment on Provost's claim for maintenance and cure as it relates to alleged injuries to

---

[4]   *See* R. Doc. 17-7.
[5]   *See* R. Docs. 17-8, 17-9, 17-10 & 17-12.
[6]   R. Doc. 1 ¶ 4.
[7]   *Id.* ¶ 8.
[8]   *See id.*
[9]   *See* R. Doc. 8.

2

his back, neck, and left lower extremity, specifically his hip and leg (including the knee).[10] Provost does not oppose the motion.[11] The Court considers the motion below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The Court must draw all reasonable inferences in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a

---

10   R. Doc. 17.
11   R. Doc. 23.

3

motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party must put forth evidence that would "entitle it to a [judgment as a matter of law] if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991) (internal quotation marks omitted)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not

4

persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

### III. DISCUSSION

Seamen have a right to maintenance and cure for injuries that they suffer in the course of their service on a vessel, regardless of whether the shipowner was at fault, or the vessel was unseaworthy. *See O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 41-43 (1943). "Maintenance" is the right of a seaman to food and lodging if he becomes injured during the course of fulfilling his duties to the ship. *See Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 413 (2009). "Cure" is the right to necessary medical services. *Id.* Before a plaintiff can recover maintenance and cure, he bears the burden of proving the following facts: (1) he was working as a seaman, (2) he became ill or was injured while in the vessel's service, and (3) he lost wages or incurred expenses stemming from treatment or injury. Thomas J. Schoenbaum, 1 *Admiralty & Mar. Law*, § 6:28 (6th ed.).

Maintenance and cure may be awarded "even where the seaman has suffered from an illness pre-existing his employment." *McCorpen*, 396 F.2d at 548. But as a "general principle," the benefits "will be denied where he knowingly or fraudulently conceals his illness from the shipowner." *Id.*; *see also Bodden v. Prof'l Divers of New Orleans Inc.*, No. 01-795, 2001 WL

5

1223589, at *2 (E.D. La. Oct. 12, 2001) (discussing the *McCorpen* defense). Specifically, if the shipowner requires a prospective seaman to undergo a pre-hiring medical evaluation, and the seaman either intentionally misrepresents or conceals material medical facts, then the seaman is not entitled to an award of maintenance and cure. *See McCorpen*, 396 F.2d at 549. For a shipowner to establish the *McCorpen* defense to deny a seaman's maintenance and cure claim, the employer must show that: (1) the seaman intentionally misrepresented or concealed medical facts, (2) the misrepresented or concealed facts were material to the employer's hiring decision, and (3) there exists a causal link between the pre-existing disability that was concealed and the disability suffered during the voyage. *Id.*; *see also Brown v. Parker Offshore Drilling*, 410 F.3d 166, 171 (5th Cir. 2005) (finding the *McCorpen* defense established).

Cheramie Marine points to sufficient evidence that plaintiff concealed his pre-existing medical history of injuries and pain to his left hip, left leg (including his knee), lower back, and neck because plaintiff admitted in his deposition that he had these prior injuries and that he should have disclosed them on the medical questionnaire, but failed to do so.[12] *See Meche v. Doucet*, 777 F.3d 237, 248 (5th Cir. 2015) (holding that because plaintiff

---

[12]    R. Doc. 17-11 at 24-25 ("Provost Deposition").

6

"'knew that the information on the application was not correct,' [he] intentionally concealed his prior injuries as a matter of law" (quoting *Caulfield v. Kathryn Rae Towing*, No. 88-5329, 1989 WL 121586, at *2 (E.D. La. June 6, 1989)).

Defendant also demonstrates that these concealed conditions were material to its decision to hire Provost. "The fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purpose of this analysis." *Brown*, 410 F.3d at 175. Defendant's pre-employment questionnaire specifically asked if Provost had ever injured his back, neck, hip, or leg.[13] Defendant's inquiry to whether plaintiff ever injured his back, neck, hip, or leg was rationally related to his ability to perform the physically demanding job of a deckhand. *See, e.g., id.* ("Brown's history of back injuries is the exact type of information sought by employers like Parker Drilling."); *Wallgren v. Dale Martin Offshore LLC*, 443 F. Supp. 3d 719, 725 (W.D. La. 2020) (finding that plaintiff's failure to disclose shoulder injury was material because "the deckhand position requires heavy lifting, pulling and other strenuous labor;

---

13   R. Doc. 17-7 at 2.

accordingly, it is important to [defendant] to know of any physical limitation of employees as it directly affects their safety and the safety of others").

Statements by Damian Folse, Cheramie Marine's personnel manager, and Deanna Hodson, the nurse practitioner who performed Provost's pre-employment physical, indicate that defendant would have required Provost to submit additional records and receive medial clearance before hiring him, if he had accurately disclosed his history of injuries, further demonstrating the materiality of plaintiff's concealed conditions.[14]  *See Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006) (per curiam) (holding that seaman's nondisclosure of medical history is material when disclosure "would have either prevented his employment, or at least delayed it"); *see also In re Adriatic Marine, LLC*, No. 20-1488, 2022 WL 3027825, at *3 (E.D. La. Aug. 1, 2022) (finding materiality met "when the evidence establishes that the full disclosure of the plaintiff's medical condition would have prompted his employer to conduct further medical evaluation prior to making a hiring decision").

Lastly, defendant provides sufficient evidence of a causal link between plaintiff's pre-existing injuries and the injuries he allegedly suffered in the

---

14  R. Doc. 7-6 ¶ 9 ("Folse Declaration"); R. Doc. 7-13 at 5-9 ("Hodson Deposition").

accident. The Fifth Circuit finds a causal link when the injuries at issue involve the same body part. *See Brown*, 410 F.3d at 176 (citation omitted). In *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166 (5th Cir. 2005), the Fifth Circuit found there to be a sufficient causal link when the plaintiff's "prior back strains were to the same lumbar-spine region as his current back problem." *Id.* at 176. In doing so, the Fifth Circuit held that that the defendant "need not prove that the prior injuries are the sole cause[]" of plaintiff's current condition. *Id.*; *see also Jauch*, 470 F.3d at 212-13 (finding requisite connection when new back injury was "virtually identical" to previous back injury). Following *Brown*, courts in the Fifth Circuit have therefore found that "the new injury is related to the old injury, irrespective of their root causes," when "the old injury and the new injury affected the same body part." *Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 728-29 (E.D. La. 2009) (surveying the application of the causality requirement in the Fifth Circuit); *see also Boatright v. Raymond Dugat Co., L.C.*, 2009 WL 138464, at *4 (S.D. Tex. 2009) (finding requisite connection when plaintiff's "prior and current injuries [were] both to his right hip"); *Bergeron v. B & J Martin, Inc.*, 2005 WL 3542898, at *4 (E.D. La. 2005) (finding requisite connection when plaintiff experienced the "same breathing difficulties" before employment and aboard the vessel). Here, plaintiff's pre-existing

injuries and those he allegedly suffered in the accident are both to his back, neck, leg, and hip.[15] Therefore, the Court finds that a causal link exists between Provost's present and pre-existing injuries.

Defendant has carried its burden for summary judgment, as it has put forth sufficient evidence that would "entitle it to a [judgment as a matter of law] if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc.*, 939 F.2d at 1264-65. Plaintiff has not countered with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact." *Id.* at 1265. Indeed, plaintiff does not oppose the motion.[16]

The Court therefore finds that defendant has established that it is entitled to summary judgment on plaintiff's claims for maintenance and cure for injuries and pain to his neck, back, and left lower extremity (hip and leg, including the knee).

---

[15]  *See* R. Docs. 17-8, 17-9, 17-10 & 17-12.
[16]  R. Doc. 24.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for partial summary judgment and DISMISSES plaintiff's claims for maintenance and cure for injuries and pain to his neck, back, left hip, and left leg, including the knee, WITH PREJUDICE.

New Orleans, Louisiana, this __11th__ day of February, 2025.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE